UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGIE HAMILTON,

                Plaintiff,          Civil Action No. 20-10006
                                   Honorable Matthew F. Leitman
v.                             Magistrate Judge Elizabeth A. Stafford

EDUCATIONAL CREDIT
MANAGEMENT CORP.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT [ECF NO. 13]**

**I.    INTRODUCTION**

Plaintiff Margie Hamilton, proceeding *pro se*, sues Defendant

Educational Credit Management Corporation (ECMC), asserting that it

does not have the authority to collect on her outstanding student loan debt.

[ECF No. 12].  She seeks discharge of her obligation to repay her defaulted

student loans and declaratory relief stating that ECMC has no authority to

collect on her debt through wage garnishment and tax offset.  [*Id.* at 243].

The Honorable Matthew F. Leitman referred the case to the undersigned

for all pretrial matters under 28 U.S.C. § 636(b)(1).  [ECF No. 9].  ECMC

moves to dismiss Hamilton's amended complaint for failure to state a claim

or for summary judgment under Federal Rules of Civil Procedure 12(b)(6) and 56(a).  [ECF No. 13].  The motion should be granted. [1]

## II.    BACKGROUND

This suit stems from ECMC's collection on Hamilton's defaulted student loan debt, amounting to $112,679.04.  [ECF No. 12].  In her amended complaint, she alleges that ECMC has collected 15% of her weekly pay through a writ of garnishment since April 2019 and a portion of her tax returns through a tax offset.  [*Id.*, PageID.231].  Hamilton asserts that ECMC has no legal right to collect the sums claimed.  [*Id.*].

In support, Hamilton alleges that ECMC falsely represented that a legally valid negotiation between it and the original creditor exists, but "no negotiation can exist" because the student loans' promissory note "is not negotiable."  [*Id.*, PageID.231, 235-236].  She asserts that until ECMC produces an authenticated promissory note that establishes that the defaulted student loan amount is owed to it, ECMC has no valid legal claim to collect through either administering wage garnishment or tax offset.  [*Id.* PageID.231-235].

Hamilton's amended complaint includes: Count I, violation of the

---

[1] ECMC's amended motion to dismiss, [ECF No. 8], filed before Hamilton amended her complaint, should be denied as moot.

Michigan Uniform Commercial Code, M.C.L. § 440.1101 *et seq.*; Count II,

Violation of the Debt Collection Improvement Act (DCIA), 31 U.S.C. § 3701

*et seq.*; Count III, unlawful collection activity in violation of the

Administrative Procedure Act (APA), 5 U.S.C. § 706; Count IV, violation of

Hamilton's procedural due process rights; Count V, violation of the best

evidence rule under Federal Rules of Evidence §§ 1001-1008.30 and

Michigan Rule of Evidence § 1002; Count VI, common law conversion;

Count VII, statutory conversion in violation of M.C.L. § 600.2919a; and

Count VIII, fraud in the factum.  [ECF No. 12; PageID.235-242].

In the motion before the Court, ECMC contends that Hamilton's

claims fail because her state law claims are preempted by federal law;

because she improperly asserts a private right of action; because ECMC is

not a state actor, as required to sustain some of Hamilton's claims; and

because her fraud claim lacks merit and was filed after the expiration of the

statute of limitations.  [ECF No. 13].

## III.    ANALYSIS

### A.

A motion to dismiss under 12(b)(6) tests a complaint's legal

sufficiency.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Documents attached to a motion to dismiss form part of the pleadings if they were referred to in a complaint and are central to the claim. *Moors on behalf of Grady El v. Canton Police Dept.,* 20-CV-10361, 2020 WL 2308679, at *1 (E.D. Mich. May 8, 2020) (citing *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001)). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a

4

plausible claim for relief.  *Eby*, 481 F.3d at 437; *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The Court's function at the summary judgment stage "is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

ECMC first argues that Hamilton's state law claims—violation of Michigan's Uniform Commercial Code, common law conversion and statutory conversion—are preempted by the Higher Education Act (HEA), 20 U.S.C. §1070 *et seq.*, and thus must be dismissed.  [ECF No. 13, PageID.271-275].  Under the Supremacy Clause of the Article VI of the Constitution, federal law is "the supreme Law of the Land."  U.S. Const. art. VI, cl. 2.  Thus, "federal statutes and regulations properly enacted and promulgated can preempt conflicting state statutes and regulations."  *Hunt v. Sallie Mae, Inc.*, No. 11-11324, 2011 WL 2847428, at *2 (E.D. Mich. July 19, 2011) (citing *Wisc. Pub. Intervenor v. Mortier*, 501 U.S. 597, 605 (1991)).  There are three types of preemption: express preemption, field preemption and conflict preemption.  *Mortier*, 501 U.S. at 604-05.  ECMC alleges that Hamilton's claims are expressly preempted.

Express preemption occurs when the statute's language explicitly manifests Congress' intent to preempt state law.  *Id.*  Hamilton argues that the "HEA neither explicitly nor implicitly preempts all state law," and "it is possible to comply with both state and federal requirements."  [ECF No. 14, PageID.345, 349 (citing *Tipton v. Secretary of Education*, 768 F. Supp. 540 (S.D. W. Va. 1991))].

6

Hamilton is right that the HEA does not expressly "preempt *all* state law."  *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1125 n.8 (11th Cir. 2004) (emphasis in original).  Instead, "[c]ertain sections of the HEA expressly preempt certain state law claims."  *Coll. Loan Corp. v. SLM Corp., a Delaware Corp.*, 396 F.3d 588, 596 n.5 (4th Cir. 2005).  Hamilton's claims challenging ECMC's right to collect on her loan through garnishment and tax offset fall within the sections of HEA that expressly preempt state law.

The HEA was enacted to promote financial assistance to students in higher education.  *Hunt v. Sallie Mae, Inc.*, No. 11-11324, 2011 WL 2847428, at *1 (E.D. Mich. July 19, 2011) (citing *Chae v. SLM Corp.*, 593 F.3d 936, 946 (9th Cir.2010)).  The HEA established the Federal Family Education Loan Program (FFELP) to administer student loans through the Department of Education (DOE).  *See* 20 U.S.C. § 1071.  Under the HEA, lenders issue student loans that are guaranteed by guaranty agencies.  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1030 (9th Cir. 2009).  A guaranty agency is "[a] state or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the [Higher Education] Act."  34 C.F.R. § 682.200.

If a lender is unable to collect the student loan debt, the guaranty agency steps in to pay the unpaid balance, and the loan is assigned to the guaranty agency by the lender.  34 C.F.R. § 682.410; *see also* 20 U.S.C. § 1082(m)(D)(iii) ("Notwithstanding any other provision of law, each loan made under a master promissory note under this subsection may be sold or assigned independently.").  Once the loan is assigned to the guaranty agency, it must promptly initiate collection efforts, including by wage garnishment and tax offset.  *See* 34 C.F.R. § 682.410(b)(6).

Kerry Klisch, a litigation specialist of ECMC, states in an affidavit that ECMC is a guaranty agency under the HEA.  [ECF No. 13-2, PageID.290-291].  Klisch states that he reviewed the records associated with Hamilton's student loan, and that those records show that she executed a promissory note for a federally guaranteed student loan that is governed by the HEA.  [*Id.*, PageID.291].  ECMC attaches a copy of Hamilton's signed promissory note for her student loan from Key Bank, dated March 2000.  [ECF No. 13-2, PageID.297-298].

According to Klisch, after Hamilton defaulted on her loan in March 2008, the original guarantor assigned the loan to ECMC, giving ECMC all rights, title and interest in the loan.  [ECF No. 13-2, PageID.291-292].  ECMC provides a copy of this 2009 assignment of rights.  [ECF No. 13-5,

PageID.300].  Klisch says that Hamilton then made intermittent payments and received a rehabilitation loan from another lender, but after she defaulted again in 2018, ECMC again acquired all rights, title and interest in the loan.  [ECF No. 13-2*, PageID.292].  At that time, ECMC initiated the wage garnishment and tax offset processes at issue.  [*Id.*, PageID.292-293].

As the guaranty agency, ECMC was permitted to administratively garnish Hamilton's wages "[n]otwithstanding any provision of State law." 20 U.S.C. § 1095a(a).  *See also Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1116 (S.D. Cal. 2015) ("20 U.S.C. § 1095a specifically states that guaranty agencies may garnish wages '[n]otwithstanding any provision of State law.'"); *Educ. Credit Mgmt. Corp. v. Wilson*, No. 1:05-CV-41, 2005 WL 1263027, at *4 (E.D. Tenn. May 27, 2005) (noting that § 1095a(a) "expressly preempts any state law governing garnishments.").  In fact, ECMC was obligated to promptly initiate collection efforts after Hamilton defaulted on her loan, including by wage garnishment and tax offset.  *See* 34 C.F.R. § 682.410(b)(6).  The collections efforts described in § 682.410 preempt "any State law, including State statutes, regulations, or rules, that would conflict with or hinder satisfaction of the requirements or frustrate the purposes of" the FFELP.  § 682.410(b)(8).

9

Hamilton asserts that ECMC "manufactured a promissory note by merging two documents together" and that the promissory note is therefore "invalid on its face." [ECF No. 14, PageID.343-344]. She alleges that the promissory note is a forgery. [*Id.*, PageID.352]. The Court disagrees with Hamilton's assertion that the promissory note is invalid on its face; the evidence says otherwise. Klisch testifies in his affidavit that he reviewed Hamilton's loan file and that Hamilton signed the promissory note. [ECF No. 13-2, PageID.290-291]. And after Hamilton objected to the garnishment of her wages, a DOE hearing officer reviewed "all available records related to [Hamilton's account], including those submitted by [her] and those maintained by ECMC." [ECF No. 13-10]. The hearing officer rejected Hamilton's objection. [*Id.*]. "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Hamilton presents no proof that promissory note submitted by ECMC is not a true copy of the original.

At bottom, Hamilton's mere denial that the promissory note is a true copy of one that she signed is not enough to withstand summary judgment. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) ("The non-moving party also may not rest upon its mere allegations or denials of the

10

adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.").  The evidence shows that ECMC's collection efforts are authorized by the HEA, and Hamilton's state law claims are therefore expressly preempted by federal law and regulations. Counts I, VI and VII should be dismissed.[2]

## C.

ECMC also moves to dismiss Hamilton's claims because they "are improper attempts to privately enforce the HEA," which does not have a private right of action.  [ECF No. 13, PageID.275-278].  It asserts that she is attempting to improperly "circumvent the lack of private action in the HEA."  [*Id.*, PageID.275].

The Sixth Circuit, along with "nearly every court to consider the issue," has held that "there is no express or implied private right of action to enforce any of the HEA's provisions."  *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006) (collecting cases).  Citing *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004)*,* Hamilton

---

[2] ECMC also argues that Hamilton's UCC claim cannot be sustained because student loans are not negotiable instruments under Michigan's Uniform Commercial Code, M.C.L. § 440.3104.  [ECF No. 8, PageID.132-133].  Hamilton disagrees.  [ECF No. 14, PageID.350].  But neither party cited Sixth Circuit or Michigan law addressing this issue, and the Court finds that resolution of that issue is not necessary because Hamilton's state law claims are preempted.

argues that courts have allowed plaintiffs to "maintain a state law cause of action" without asserting a private right of action under the HEA.  [ECF No. 14, PageID.350].  But *Cliff* stated that "the HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations."  *Cliff*, 363 F.3d at 1123.  The court found that the plaintiff could pursue claims alleging abusive, fraudulent and deceptive collection practices under the Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act because those laws applied to debt collection practices generally and were not preempted by the HEA.  *Id.* at 1123-1125.  But the HEA preempts "those provisions of state law that would otherwise prohibit or hinder the ability of a guaranty agency to garnish a debtor's wages."  *Id.* at 1125.

Here, Hamilton does not challenge ECMC's collection practices; she alleges that ECMC has no legal right to collect from her through garnishment or offset.  [ECF No. 9, PageID.229-235].  Her challenge therefore falls within the auspices of the HEA.  *Cliff*, 363 F.3d at 1125. "Accordingly, to the extent that the Court construes [Hamilton's] complaint as articulating a claim under the HEA, the Court must dismiss the claim in the absence of any private cause of action to contest" ECMC's attempt to collect on her defaulted student loans.  *Brinn v. Great Lakes Educ. Loan*

*Servs., Inc.*, No. 1:14-CV-626, 2016 WL 8467792, at *3 (W.D. Mich. Jan. 8, 2016).

### D.

Hamilton's amended complaint claims that ECMC "unlawfully engaged in involuntary collection activities against [her]" in violation of the Debt Collection Improvement Act (DCIA).  [ECF No. 12, PageID.236-237]. The DCIA regulates the way in which "executive, judicial, or legislative agency" collect purported debts owed to the federal government.  31 U.S.C. § 3701 *et seq.; see also Hous. Auth. of Cty. of King v. Pierce*, 711 F. Supp. 19, 20 (D.D.C. 1989) ("The Collection Act generally prescribes the procedures by which the federal government may enforce money claims against private parties.").

ECMC argues that it is not collecting a debt owed to the United States and that it is not an agent of the United States.  [ECF No. 13, PageID.279].  It says that, although ECMC was created under the direction of the DOE, it is a private, nonprofit organization.  [ECF No. 13-2, PageID.290].  But Hamilton asserts that the DCIA applies to ECMC's actions because it is a government actor.  [ECF No. 14, PageID.353-354]. Hamilton's argument lacks merit.

A private entity can be a government actor only when it performs a

function that has been "traditionally *and* exclusively" performed by the government.  *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1929 (2019) (emphasis in original).  ECMC does not perform an "exclusively public function"; its actions "amount to nothing more than efforts by a creditor to collect from a debtor."  *Halzack Watkins v. Educ. Credit Mgmt. Corp.*, No. 2:10CV540, 2011 WL 2015479, at *10-11 (E.D. Va. May 12, 2011); *see also Lima v. United States Dep't of Educ,* No. CV 15-00242 KSC, 2017 WL 2265888, at *11 (D. Haw. Apr. 25, 2017), *aff'd*, 947 F.3d 1122 (9th Cir. 2020) (finding that ECMC is not a governmental agency and that it does not perform federal actions).

Nor is Hamilton's debt owed to the federal government; all "rights, title and interest" in Hamilton's loan have been assigned to ECMC.  [*See* ECF No. 13-5, PageID.300].  Thus, the DCIA does not apply to the ECMC's collection of Hamilton's student loan debt.  *Gruen v. EdFund*, No. C 09-00644 JSW, 2009 WL 2136785, at *2 (N.D. Cal. July 15, 2009) (DCIA did not apply when debt did not belong to federal government and the defendants were not actors whose collections efforts were governed by the DCIA).

### E.

Hamilton's claims under the APA are also inapplicable to the actions of ECMC.  "The APA allows judicial review for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action,' and defines 'agency' as 'each authority of the Government of the United States.'" *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) (citing 5 U.S.C. §§ 701(b)(1), 702).  The APA does not apply to a private corporation.  *Arsenault v. DeVos*, No. 19-CV-11013, 2019 WL 3388462, at *5 (E.D. Mich. July 26, 2019) (APA did not apply to student loan service because it was a private company).

### F.

Hamilton claims that ECMC violated her due process rights "by conducting an administrative wage garnishment and tax offset without a meaningful hearing."  [ECF No. 12, PageID.239].  "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."  *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  ECMC is not a government actor to which the Due Process Clause applies.  *Halzack Watkins*, 2011 WL 2015479 at *8-11 (ECMC is not a federal actor for Fifth Amendment

15

purposes); *Lima*, 2017 WL 2265888 at *11 ("ECMC's actions were not federal action subject to the Due Process Clause of the Fifth Amendment.").

In opposition to ECMC's motion for summary judgment, Hamilton notes that "ECMC argued that it was a state actor for purposes of avoiding judgment under the Fair Debt Collection Practices Act [FDCPA]" in *Pelfrey v. Educational Credit Management Corp.*, 71 F. Supp. 2d 1161 (N.D. Ala. 1999). [ECF No. 14, PageID.356]. But the *Pelfrey* court noted that ECMC's argument was contrary to a Ninth Circuit holding. 71 F. Supp. 2d at 1175 (citing *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir.1996)). In *Brannan*, the court held that a guaranty agency was "a private nonprofit organization with a government contract; it is not a government agency or employee." *Brannan*, 94 F.3d at 1263. And though the *Pelfrey* court held that guaranty agencies were exempt from liability under the FDCPA, its holding did not rely on a finding that ECMC was a government actor. *Pelfrey*, 71 F.Supp. 2d at 1179-1180.

Hamilton cites *Games v. Cavazos*, 737 F. Supp. 1368 (D. Del. 1990), as finding a guaranty agency to be a government actor under the FDCPA. The reasons for the *Games* court to grant the defendants' motion for summary judgment were many; among them was a finding that "USA

16

Funds administers a federal government program involving federal funds. In some sense, therefore, it is a federal government actor." *Id.* at 1388. Several district courts, including at least two in the Sixth Circuit, have rejected that part of the *Games* court's holding and found *Brannan* more persuasive. *See Knight v. Schulman*, 102 F. Supp. 2d 867, 875 (S.D. Ohio 1999); *Gradisher v. Check Enf't Unit, Inc.*, 133 F. Supp. 2d 988, 991 (W.D. Mich. 2001); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004).

Thus, the weight of authority supports a finding that ECMC is not a government actor and Hamilton's due process claim should be dismissed.

**G.**

In the last count of Hamilton's amended complaint, she alleges that ECMC committed fraud in the factum. Her amended complaint cites *Langley v. Fed. Deposit Ins. Corp.*, 484 U.S. 86 (1987), as describing the type of fraud in the factum on which she relies. [ECF No. 13, PageID.242]. But Hamilton's complaint alleges that ECMC engaged in "fraud in the factum under Michigan common law." [ECF No. 12, PageID.242-243]. A Michigan Court of Appeals opinion described fraud in the factum as:

> 'Fraud occurring when a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence. Compared to fraud in the inducement, fraud in the

17

factum occurs only rarely, as when a blind person signs a
mortgage when misleadingly told that the paper is just a letter.'

*Seung Wook Ahn v. Bellhur, Inc.*, No. 318043, 2015 WL 213185, at *4

(Mich. Ct. App. Jan. 15, 2015) (quoting *Black's Law Dictionary* (9th ed.)).

Hamilton alleges that ECMC is liable for fraud in the factum because

it "procure[d]" her "signature to alleged promissory note and inserted the

'Loan Repayment Schedule Disclosure Statement' to the alleged note."

[ECF No. 12, PageID.242].  The promissory note at issue refutes this

allegation on its face.  First, when Hamilton signed the promissory note in

2000, Key Bank was the lender.  [ECF No. 13-4].  ECMC was assigned the

loan in 2009.  [ECF No. 13-5].  Thus, even if Hamilton's signature was

wrongly procured, ECMC was not the procurer.

Hamilton analogizes her claim to the one in *Fed. Deposit Ins. Corp. v.

Turner*, 869 F.2d 270 (6th Cir. 1989), but the analogy is misplaced.  The

*Turner* court found fraud in the factum when someone was induced into

signing a guaranty based on misrepresentations, and the person making

the misrepresentations had "erased the original bank's name and inserted

the name of another bank" after the document was signed.  *Id.* at 274.  As

a result, "Turner was defrauded as to the guaranty's essential terms."  *Id.*

In contrast, ECMC did not induce Hamilton to sign the promissory note—it

had no part in her signing that document.  In addition, Hamilton presents no

evidence that the promissory note was altered after she signed it, nor that the alleged post-signature insertion of the repayment schedule disclosure statement altered the essential terms of the promissory note.

Hamilton's fraud in the factum claim is also filed too late. The statute of limitations for common law fraud under Michigan law is six years. *Snider v. Lone Star Art Trading Co.*, 659 F. Supp. 1249, 1257 (E.D. Mich. 1987) (citing M.C.L. § 600.5813); *Eddington v. Fannie Mae*, No. 11-CV-15247-DT, 2012 WL 666841, at *2 (E.D. Mich. Feb. 29, 2012) (applying § 600.5813 to fraud in the factum claim). The statute of limitations for Hamilton's fraud claim began to run when the allegedly wrong was done. *Boyle v. Gen. Motors Corp.*, 468 Mich. 226, 232 (2003) ("Plaintiffs' cause of action accrued when the wrong was done, and they had six years thereafter to file a complaint.").

As noted, Hamilton signed the promissory note in March 2000. [ECF No. 13-4]. Her claim that ECMC wrongly procured her signature, made in her 2020 amended complaint, is woefully late.

**H.**

In Count V of Hamilton's amended complaint, she seeks declaratory judgment that ECMC "violated and continue[s] to violate the DCIA and the APA." [ECF No. 12, PageID.240]. She relied on the Declaratory Judgment

19

Act, 28 U.S.C. § 2201. But the Sixth Circuit has held that "§ 2201 does not create an independent cause of action." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). The Court "must have jurisdiction already under some other federal statute" before Hamilton can seek declaratory relief under § 2201. *Id.* (quoting *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007)). The Court finds that none of Hamilton's claims should survive ECMC's motion to dismiss, so Count V should be dismissed.

## IV. CONCLUSION

The Court recommends that ECMC's motion to dismiss or for summary judgment **[ECF No. 13]** be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: September 22, 2020        United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are

20

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
